## No. 14,428.

### STATE OF LOUISIANA VS. ANTHONY CAYMO.

#### SYLLABUS.

1. A special charge attracting the attention of the jury to the necessity of the identity of the prisoner being proved beyond a reasonable doubt, may be refused when the substance of such charge is contained in the general charge.
2. Because the name of one of the jurors was by birth different from that by which he was selected as a juror, is not ground for setting aside the verdict where the community in which the juror has lived all his life, and the juror himself, have not known of this parental name.

*Chrétien, J.*

APPEAL from the Criminal District Court, Parish of Orleans.—

*Walter Guion*, Attorney General, and *J. Ward Gurley*, District Attorney (*Lewis Guion*, of Counsel), for Plaintiff, Appellee.

---

*Henriques & Dunn* (*Lionel Adams*, of Counsel), for Defendant, Appellant.

The opinion of the court was delivered by

Provosty, J.   The defendant was convicted of shooting with intent to murder.   He complains of the refusal of the judge to give to the jury the two following special charges:

## Special Charge No. 1.

"The court further instructs the jury, that to justify a conviction of the defendant, the identity of the guilty person must be proved beyond a reasonable doubt, and the jury are not bound to believe that the witnesses were able to identify the prisoner with certainty, because they might have sworn positively to his identity, and the jury should not believe so, if they themselves are satisfied from the circumstances proved that there is a reasonable doubt as to whether or not the witnesses were able to identify the defendant as the guilty person.

"And,

## Special Charge No. 2.

"So far as regards the question of identity, the court instructs the jury, that if they believe, from the evidence and the circumstances proved, that there is a reasonable doubt whether the witnesses are not mistaken as to the identity of the defendant, then, before the jury would be authorized to convict the defendant, the corroborating circumstances tending to establish his identity must be such as that all the other evidence in the case produces a degree of certainty in the mind of the jury so great, that they cannot feel that they have a reasonable doubt as to the identity of the defendant."

The judge gives the following as his reasons for refusing the charges:

"I refused to grant special charge No. 1 because it had been substantially and fully covered by my general charge.   It was for instance requested that I should charge that the defendant could not be convicted, unless his identity was proved beyond reasonable doubt.

"I charged first, to prove the crime charged, it must be shown beyond reasonable doubt that the accused shot the prosecuting witness.

"Second.   The onus is therefore upon the State to establish to your satisfaction, beyond any reasonable doubt, the guilt of the prisoner, as to the crime charged in this indictment or any lesser one included in it.   If you entertain any reasonable doubt, as to any fact or element necessary to constitute the prisoner's guilt, it is your sworn duty to give him the benefit of that doubt and return a verdict of acquittal.

"The presence of the prisoner and his identity, as the person who did the shooting, were certainly facts necessary to be proved in order to convict, and without the proof of identity or of the fact that he did the shooting, and was therefore present, being established beyond reasonable doubt, under my charge he would have received an acquittal.

"Third. My charge on the alibi, made as a defense, by itself, covered the charge requested. An alibi if proved negatives the presence of the accused. I charged the jury as follows: 'An alibi is evidence of the fact that the defendant at the time the crime is charged to have been committed was at another place, and, therefore, could not have committed the crime, hence it involves the impossibility of the prisoner's presence at the scene of the offense at the time of its commission.'

"All the evidence bearing upon that point should be carefully considered by the jury, and, if in view of all the evidence, the jury should have any reasonable doubt as to whether the defendant was in some other place when the crime was committed, they should give the defendant the benefit of the doubt and find him not guilty.

"The word 'identification' is not sacramental. The charge given, I believe, covers in substance and fully the charge requested, and for that reason I refused to grant it; as to the balance of the request made in special charge No. 1 it has reference as to what the jurors should or should not believe. This is covered by my general charge as fully as it could be done. I stated in my general charge:—

"First. You are the exclusive judges of the facts; you find from the evidence what facts have been proven, and what facts have not. For this purpose you determine the credibility of the witnesses and the weight to be given to their testimony. You have the right to accept as true or reject as false, the testimony of any witness, accordingly as you are impressed with his veracity, etc., etc. (See charge.)

"These remarks apply to special charges Nos. 1 and 2, and having considered these special charges as requested to be given, fully covered by my general charge, I refused to grant them, as it would be repeating that which had already been said in different words, and instead of throwing more light upon the subject-matter, these charges would have proved more confusing to the jurors and would have added nothing to the giving of the defendant of a fair and honest trial, which he certainly had."

We think these reasons fully justify the refusal.

State vs. Caymo.

Defendant also complains of the refusal of the judge to grant a new trial. The first ground was the refusal of the judge to give to the jury the two special charges above referred to. Of the second and remaining ground the judge says:—

"The next ground in the motion for a new trial is based upon the reason that since the trial of the case the accused had discovered that one of the jurors who was sworn on the panel as George Perry, was not in truth and in fact George Perry, but one George Garrett.

"On the trial of this motion considerable testimony was taken, and it was established that when George Perry, the juror, was six years old that he was adopted by Mr. and Mrs. George Perry; that at that time he assumed the name or was rather given the name of George Perry, and by that name he has afterwards been known. He made his first communion as George Perry, married as George Perry, started in life under the name of George Perry, was naturalized as a citizen of the United States under the name of George Perry, and that he never knew up to the time the question was raised in these proceedings that he was any one else but George Perry, and he is not, and has never been known in the community by any other name, or any other designation.

"While it is true that no legal proceeding has been taken for the purpose of changing his name from George Garrett to George Perry, yet the defendant in this case could have suffered no injury from that fact. As George Perry he is as much a qualified juror as he would have been under the name of George Garrett, or as established by the evidence Gerhard Henry Lobeck, the party selected as a juror under the name of George Perry, is the identical party whose legal name is Gerhard Henry Lobeck; Gerhard Henry Lobeck and George Perry is one and the same party, and under the name of George Perry he is known in this community.

"I cannot conceive how the defendant could have been injured in this case, and I do not believe that this is sufficient reason to set aside the verdict of the jury.

"The cases cited in support of the proposition held by the counsel for the accused, are cases in which the jurors taken upon the panel were disqualified under the law from serving as jurors, or, in other words, did not have the qualifications required by law. This is not the question involved here, for George Perry, or Gerhard Henry Lobeck, is

qualified to serve as a juror, and no complaint is brought as to his qualifications.

"I do not, therefore, consider that this is sufficient ground to set aside the verdict."

These reasons amply justify the ruling.

We find no error in the judgment appealed from; it is therefore affirmed.